# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | : | CRIMINAL NO. 1:08-CR-383 |
|---|---|---|
| v. | : | (Chief Judge Conner) |
| TIMOTHY S. PATTERSON, | : | |
| Defendant | : | |

## MEMORANDUM

Defendant Timothy S. Patterson moves the court for a sentence reduction pursuant to Section 404 of the First Step Act of 2018, § 404, Pub. L. No. 115-391, 132 Stat. 5194, 5222. In an order dated October 3, 2019, we determined that Patterson is eligible for relief under the Act. We directed the United States Probation Office to prepare an addendum to the presentence report and allowed the parties to file presentencing submissions. After thorough review of the record and Patterson's sentencing memorandum, we conclude that a sentence reduction is appropriate in this case.

## I.  Factual Background and Procedural History

A federal grand jury returned an indictment on October 22, 2008, charging Patterson with possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1) (Count 1); possession of a firearm during and in furtherance of a drug-trafficking offense in violation of 18 U.S.C. § 924(c) (Count 2); and possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g) (Count 3). Five days before trial, the government filed an information under 21 U.S.C. § 851(a)(1) subjecting Patterson to an enhanced statutory minimum and

maximum penalty as a result of a prior felony drug-trafficking conviction. After a two-day trial, the jury found Patterson guilty on all three counts. The jury further found that Patterson was responsible for at least five grams of cocaine base.

The presentence report described the conduct underlying Patterson's convictions as involving controlled buys to informants. (See PSR ¶¶ 4-5). Patterson sold $60 of crack cocaine (approximately 0.5 grams) to an informant on August 22, 2008, and $100 of crack cocaine (approximately 0.75 grams) to a different informant on September 19, 2008. (Id.) When officers arrested Patterson on October 15, 2008, they found a small amount of marijuana and nearly $500 in cash in his pockets. (Id. ¶ 7). Officers also recovered a loaded 9-millimeter Smith & Wesson handgun and a bag containing seven grams of crack cocaine in Patterson's vehicle. (Id. ¶ 8). In a post-arrest statement, Patterson admitted to purchasing approximately 4 ounces (or 113.4 grams) of crack cocaine from his supplier during the preceding month. (Id. ¶ 9). Based on this statement and the offense conduct, the presentence report calculated a total drug weight of 121.65 grams of cocaine base. (Id. ¶¶ 10, 19).

The presentence report also outlined Patterson's criminal history. That history included nearly 30 adult convictions accumulated over the course of seven years, between the ages of 19 and 26. (Id. ¶¶ 34-46). These convictions range from harassment and disorderly conduct offenses to drug-related crimes to unlawful possession of a firearm. (See id.) Patterson's record included three prior felony controlled-substance convictions for possession with intent to deliver cocaine in May 2000, (id. ¶ 38); possession with intent to distribute crack cocaine in April 2001, (id. ¶ 45); and possession with intent to distribute cocaine in December 2005, (id.

2

¶ 46). These prior convictions designated Patterson a career offender and resulted in a Guidelines imprisonment range of 360 months to life. (Id. ¶¶ 27, 28, 50, 80; see Doc. 84 at 4:8-16).

At sentencing, the court noted that it was "trouble[d]" that the Guidelines produced such a substantial range, particularly given the parties' agreement that Patterson was merely a "street level dealer." (Doc. 84 at 10:16-11:7). The court also noted its concern that Patterson presented as a repeat offender who had engaged in an escalating pattern of criminal conduct and was undeterred by prior sentences. (Id. at 17:19-18:7). In balancing these considerations, the court observed:

> [Mr. Patterson's] disrespect for the law is apparent from his prior conduct, and words of remorse today cannot erase these past actions. However, as part of the Section 3553(a) calculus I must also consider the entire picture presented by Mr. Patterson, and it is in this overall analysis that I find a basis for a significant downward variance, in this case 80 months from the bottom end of the guideline range.
>
> I note that he presents as an incorrigible drug dealer, but he is still a relatively young man with three children. His prior drug crimes and the undercover operation in this case dealt primarily, and I emphasize primarily, with smaller amounts of drugs. I characterized him previously, and I believe the prosecution agreed with me, and I believe defense counsel attempted to portray him in a similar fashion, as a street level dealer with a great risk of, in my view a great risk of recidivism, but also, and perhaps this is overly optimistic, I believe there is some hope of rehabilitation.
>
> Mr. Patterson faces a very long sentence, but he will have a life after prison and I can only hope that he will emerge from prison with sufficient educational and vocational skills to avoid the illegal life he is now lea[d]ing.

3

(Id. at 18:24-19:23). The court imposed an aggregate sentence of 280 months' imprisonment, consisting of 220 months on Count 1 and 120 months on Count 3, to run concurrently, followed by a 60-month term on Count 2, to run consecutively to Counts 1 and 3. (See Doc. 77). According to the Bureau of Prisons ("BOP"), Patterson's current estimated release date is March 18, 2029.

Patterson now moves the court for a sentence reduction pursuant to Section 404 of the First Step Act. On October 3, 2019, we issued an order concluding that Patterson is eligible for relief under the First Step Act. We deferred ruling on his motion pending preparation of an addendum to the presentence report and receipt of presentencing submissions. The United States Probation Office has prepared an addendum to the presentence report, and Patterson, through appointed counsel, submitted a sentencing memorandum and supporting materials. The government did not file a responsive sentencing memorandum. Hence, Patterson's motion is ripe for disposition.

## II. Discussion

The First Step Act of 2018 is a sweeping piece of reformative criminal justice legislation. Relevant here, the First Step Act authorizes federal district courts to impose a reduced sentence for covered crack cocaine offenses where the statutory penalties of the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372, §§ 2-3, would have applied had the Act been in effect when the covered offense was committed. See First Step Act § 404(b), 132 Stat. at 5222. The First Step Act defines a "covered offense" as "violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 . . . of the Fair Sentencing

4

Act . . . , that was committed before August 3, 2010." Id. § 404(a). Section 2 of the Fair Sentencing Act, in turn, increased the quantity of crack cocaine required to trigger mandatory minimum penalties under 21 U.S.C. § 841(b)(1)(A)(iii) from 50 to 280 grams and under 21 U.S.C. § 841(b)(1)(B)(iii) from 5 to 28 grams. See Fair Sentencing Act § 2(a).

We have already determined that Patterson is eligible for relief under the First Step Act. Whether and to what extent a sentence reduction is warranted is a separate question. As we have previously noted, relief is not automatic. See First Step Act § 404(c). Once eligibility is determined, the decision to grant or deny a sentence reduction under the First Step Act is within the district court's discretion. See id.; see also United States v. Crews, 385 F. Supp. 3d 439, 443-44 (W.D. Pa. 2019) (collecting cases). In considering whether to exercise this discretion, courts within this judicial district have looked to the Section 3553(a) sentencing factors,[1] see 18 U.S.C. § 3553(a), as well as relevant postsentencing conduct. See, e.g., United States v. Surine, No. 4:07-CR-304, 2019 WL 6699914, at *2-4 (M.D. Pa. Dec. 9, 2019); United States v. Shields, No. 1:08-CR-314, 2019 WL 3003425, at *6-7 (M.D. Pa. July 10, 2019)

---

[1] The Section 3553(a) factors are (1) "the nature and circumstances of the offense and the history and characteristics of the defendant"; (2) "the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; . . . to afford adequate deterrence to criminal conduct; . . . to protect the public from further crimes of the defendant; and . . . to provide the defendant with needed educational and vocational training, medical care, or other correctional treatment in the most effective manner"; (3) "the kinds of sentences available"; (4) the kinds of sentence and sentencing range recommended by the United States Sentencing Guidelines; (5) pertinent policy statements issued by the United States Sentencing Commission; (6) "the need to avoid unwarranted sentencing disparities" among similarly situated defendants; and (7) the need for restitution. 18 U.S.C. § 3553(a).

(quoting Crews, 385 F. Supp. 3d at 445); see also Pepper v. United States, 562 U.S. 476, 490 (2011) (concluding that postsentencing conduct "bear[s] directly" on a district court's resentencing calculus).

The addendum to the presentence report finds, consistent with our prior order, that under the retroactive provisions of the First Step Act, Count 1 now carries a statutory maximum term of 20 years' imprisonment.[2] (Doc. 122 at 2). The statutory sentencing exposure on Counts 2 and 3 is unchanged: Count 2 carries a consecutive mandatory minimum term of 5 years' imprisonment and a maximum of life imprisonment, and Count 3 carries a statutory maximum term of 10 years' imprisonment. (Id. at 1-2). The addendum further finds that, due to his status as a career offender convicted of a Section 924(c) offense, Patterson's Guidelines range remains 360 months to life imprisonment. (See id.) Patterson's current 280-month sentence reflects a 22% downward variance from the bottom end of that range, based primarily on the court's optimism on December 16, 2009, that then-29-year-old Patterson would yet turn his life around. And that Patterson has done.

During the past decade, Patterson has completed dozens of educational and vocational courses. (See Doc. 125-1, Ex. B at 1-2). He has maintained consistent employment while incarcerated. (See Doc. 125 at 2). He has accumulated only a handful of disciplinary infractions during his 10 years in BOP custody, all of

---

[2] Although the government filed a Section 851 notice of prior conviction in advance of trial, that notice was never further addressed by the parties or by the court and was not applied in the presentence report or otherwise used to enhance Patterson's sentencing exposure at his original sentencing. (See PSR ¶ 79; see also Doc. 84). We decline to retroactively apply the Section 851 sentencing enhancement at this juncture.

which are minor and nonviolent.  Perhaps most impressively, Patterson received a special award for what the BOP called an "act of heroism."  (Doc. 125-1, Ex. C).  On October 17, 2011, Patterson assisted a correctional officer during a medical emergency: the officer fell backward and struck his head on the floor, suffering a head injury and bleeding, and surveillance footage captured Patterson helping the officer from the floor and back into his office.  (Id.)  Patterson received a $50 award from the BOP in recognition of this act.  (Id.)

In a letter to the court, Patterson speaks of his personal development over the last 10 years.  He accepts responsibility for his conduct, expresses remorse and contrition, and demonstrates an insight into his troubled youthful behavior that can only come with years of thoughtful reflection. (Doc. 125-1, Ex. A).  Patterson does not make excuses for his conduct, but instead engages with it, explores its genesis, and offers what we perceive to be a genuine apology.  (Id.)  Patterson's family sees the change in him too: we have received letters from Patterson's mother, daughter, and aunt, each of whom speaks to the collateral consequences of Patterson's long incarceration, the shift in his perspective during that time, and the need for his presence in their lives. (Doc. 125-1, Exs. D-F).  These letters evince that Patterson will have the full support of a loving family upon release from prison.

Of course, we cannot consider Patterson's postsentencing rehabilitation in a vacuum. We must balance that consideration against the other Section 3553(a) factors, including the nature of the offense conduct and the need for deterrence, for just punishment, and to protect the public.  See 18 U.S.C. § 3553(a).  As we observed at Patterson's initial sentencing, the offense conduct—which involved drugs and a

7

gun—is serious.  Offense conduct of this nature undoubtedly warrants a significant prison term.  Without minimizing the seriousness of Patterson's crimes, we also observe that his conduct was nonviolent, and that he was not a drug kingpin.  Indeed, all parties acknowledged at sentencing that Patterson was merely "a street level dealer."  (Doc. 84 at 10:16-11:5).

Patterson is designated a career offender.  Hence, he has not benefited from the retroactive crack-cocaine amendments to the United States Sentencing Guidelines.  This designation was correctly applied—Patterson had accumulated three prior controlled-substance convictions in 2000, 2001, and 2005, triggering technical career-offender status.  It must be noted, however, that the 20-to-60-month terms imposed for the 2000 and 2001 offenses were run concurrently, and that Patterson was sentenced to 36 months' intermediate punishment for the 2005 offense.  Thus, Patterson's current sentence of 280 months is nearly five times the high end of the longest sentence he has ever received.  We believe, and the present record suggests, that this sentence has already achieved a substantive deterrent and rehabilitative effect.

Our deterrence and recidivism concerns are also informed by Patterson's age. Patterson was only 28 years old when he committed the instant offense.  Five days ago, on Christmas Day, he turned 40.  Research conducted by the United States Sentencing Commission establishes a general inverse correlation between age and criminality.  See UNITED STATES SENTENCING COMMISSION, THE EFFECTS OF AGING ON RECIDIVISM AMONG FEDERAL OFFENDERS 22-23 (2017).  Indeed, in the nearly 15 years separating his arrest and anticipated adjusted release date,

Patterson's likelihood of rearrest, as to both his drug and firearm convictions, will have decreased by approximately 20%. See id. at 23, A-41; see also UNITED STATES SENTENCING COMMISSION, RECIDIVISM AMONG FEDERAL OFFENDERS: A COMPREHENSIVE OVERVIEW 23 (2016); UNITED STATES SENTENCING COMMISSION, RECIDIVISM AMONG FEDERAL DRUG TRAFFICKING OFFENDERS 48 (2017); UNITED STATES SENTENCING COMMISSION, RECIDIVISM AMONG FEDERAL FIREARMS OFFENDERS 22 (2019).

The court has no crystal ball. We cannot be certain whether Patterson will reoffend or live a law-abiding life. What we do know is that the grown man moving the court today is not the same troubled youthful offender who presented for sentencing in December 2009. Patterson is genuinely remorseful and contrite. He accepts responsibility for his conduct. He has maintained a support system while incarcerated and has built an extensive vocational and educational transcript. Hopefully, more than a decade in federal prison has given him the perspective and the purpose that he previously lacked. Based on our comprehensive review of the applicable Section 3553(a) factors, as set forth above, we find that a reduction of Patterson's 280-month aggregate sentence is warranted.

## III.     Conclusion

The court will exercise its discretion under the First Step Act to reduce Patterson's sentence on Count 1 by 78 months, producing an adjusted sentence of 142 months' imprisonment on that count.  The concurrent term of 120 months on Count 3 and consecutive term of 60 months on Count 2 are unaltered.  Patterson's aggregate sentence is reduced from 280 months' imprisonment to 202 months' imprisonment.  This modified sentence is sufficient but not greater than necessary to achieve the goals of sentencing.  An appropriate order shall issue.

 /S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

Dated:     December 30, 2019